**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

LAURENT LEVY AND KAREN LEVY

v.

STATE FARM FIRE AND CASUALTY
COMPANY

CIVIL ACTION NO.

JURY TRIAL DEMANDED

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

AND NOW, comes Defendant, State Farm Fire and Casualty (hereinafter "Defendant" or

"Defendant State Farm") for the purpose only of removing the case to the United States District

Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, No. 260102344.

2.      This action was commenced by the filing of a Praecipe to Issue Writ of Summons

on January 19, 2026.

3.      Plaintiffs' Complaint, containing the facts and allegations on which Plaintiffs'

claims are based, was filed and served on State Farm on April 5, 2026.  A copy of Plaintiffs'

Complaint is attached hereto and marked as Exhibit "A".

4.      The averments made herein are true and correct with respect to the date on which

suit was commenced and the date upon which this notice is being filed.

5.      This suit is of a civil nature and involves a controversy between citizens of different

states.  Plaintiffs are citizens of the Commonwealth of Pennsylvania.  Defendant State Farm is

now, and was at the time Plaintiffs commenced this action and filed the Complaint, a corporation

organized under the laws of the State of Illinois and with its principal place of business at One

State Farm Plaza, Bloomington, Illinois.

6.      Defendant State Farm has with the filing of this notice, given written notice to

Plaintiffs' counsel.

7.      Defendant State Farm is also filing a copy of the instant notice of removal and all

attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

8.      Defendant seeks to timely remove this matter to the United States District Court for

the Eastern District of Pennsylvania within thirty (30) days of service of the Complaint.  Defendant

asserts that the amount in controversy in this matter exceeds $75,000 based on Plaintiffs'

Complaint.  As the moving party, Defendant bears the burden of proving that jurisdiction is proper

in federal court.  Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

9.      The procedure for removal is set forth by 28 U.S.C. §1446. The pertinent portions

of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days
after the receipt by the defendant, through service or otherwise, of a copy of the initial
pleading setting forth the claim for relief upon which such action or proceeding is based,
or within 30 days after the service of summons upon the defendant if such initial pleading
has then been filed in court and is not required to be served on the defendant, whichever
period is shorter.

10.     In determining whether the jurisdictional amount has been satisfied, the Court must

first look at the Complaint.  Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).

11.     The Complaint asserts two causes of action against Defendant: (1) Breach of

Contract (Count I) and (2) Statutory Bad Faith pursuant to 42 Pa.C.S.A. § 8371 (Count II).

12.    The underlying lawsuit as alleged in the Complaint arises out of Defendant's handling and investigation of an alleged loss at Plaintiffs' property located at 477 Keating Drive, Yardley, Pennsylvania, 19067, allegedly resulting in damage to the property.  *See* Exhibit "A."

13.    In Count I, breach of contract, the *ad damnum* clause in the Complaint states that Plaintiffs seek "an amount in excess of $50,000 together with interest and costs." *See* Exhibit "A".

14.    Additionally, the Complaint states that "Plaintiffs suffered a sudden and accidental direct physical loss to the insured premises . . . causing damage to insured property to the extent set forth in the" attached estimates ." (*See* Exhibit "A", Paragraph 5.)

15.    The estimates, which are attached to Plaintiffs' Complaint as exhibits, itemizes the claimed damages, which total is more than $550,000. (*See* Exhibit "A".)

16.    In Count II, violation of 42 Pa.C.S.A. §8371, the *ad damnum* clause in the Complaint states that Plaintiffs seek "punitive damages, counsel fees and costs, together with interest . . . in an amount in excess of $50,000." *See* Exhibit "A".

17.    District Courts have diversity jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006).

18.    Since Pennsylvania does not permit a demand for a specific sum and permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

19.    "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." Hatchigian v. AAA Mid-Atlantic Member Rels., Civ. A. No. 19-4740, 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

20.    Removal is proper on the basis of an amount in controversy asserted by the Defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Hatchigian v. AAA Mid-Atlantic Member Rels., 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

21.    Generally, claims brought by a plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. C.D.Peacock, Inc. v. The Neiman Marcus Group, Inc., 1998 WL 111738 (E.D. Pa. Mar. 12, 1998).  "Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant . . . ." Snyder v. Harris, 394 U.S. 332, 335 (1969); Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997).

22.    While two claims cannot be aggregated to satisfy the jurisdictional amount if the plaintiff could not recover damages for both (Ketz v. Progressive Northern Ins. Co., 2007 WL 1726514 (M.D.Pa. 2007), a bad faith claim, and a breach of contract claim are separate and distinct and can be aggregated to calculate the amount in controversy. Id.

23.    "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 2008 WL 2697774, 3 (3rd Cir. 2008); Mieczkowski v. Salvation Army, 2016 U.S. Dist. LEXIS 54260, 2016 WL 1613954 (M.D. Pa. Apr. 22, 2016); Colasuonno v. Safe Auto Ins. Co., 2012 U.S. Dist. LEXIS 19471 (E.D. Pa. Dec. 12, 2012).

24.     Although the claim of bad faith is disputed by State Farm, if Plaintiffs are able to sustain a finding of bad faith, it is reasonable to expect that a punitive damage award two or three times the amount in controversy, or beyond, could be rendered by the trier of fact.

25.     Moreover, attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). Over the course of an approximate ten-month litigation of this matter, there is a reasonable probability that Plaintiffs would incur costs and fees in an amount approaching $25,000.

26.     In considering whether removal is proper, the court must determine the amount in controversy from the complaint itself. The court must make an independent appraisal of the claim and, after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated. Feldman v. New York Life Ins. Co., 1998 U.S. Dist. LEXIS 2301(E.D. Pa. Mar. 4, 1998).

27.     The court's determination of the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir.1993).

28.     Since Plaintiffs have claimed in the Complaint that each of their two causes of action have a value in excess of $50,000, for stated damages in excess of $100,000, and Plaintiffs' unspecified punitive damages can be multiplied in a successful bad faith claim, and those damages may all be added with attorney's fees and statutory interest, the amount in controversy threshold has been met by a preponderance of the evidence.

29.     Given Plaintiffs' stated claims for breach of contract and bad faith, the amount in controversy in this case is in excess of the $75,000 jurisdictional threshold for removal to the federal Court, in accordance with 28 U.S.C. §1446 (a).

30.     Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: _____
Yolanda Konopacka DeSipio
desipio@bbs-law.com
267.654.1116
Justin F. Kobeski
Justin.Kobeski@bbs-law.com
267.654.1144
Attorneys for Defendant
Attorney ID Nos: 62170/200392
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date:  May 5, 2026

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURENT LEVY AND KAREN LEVY | CIVIL ACTION NO. |
| v. | JURY TRIAL DEMANDED |
| STATE FARM FIRE AND CASUALTY COMPANY | |

**<u>NOTICE OF REMOVAL</u>**

To:   Joseph A. Zenstein, Esquire
Zenstein Kovalsky, LLC
1240 Old York Road, Suite 101
Warminster, PA 18974

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, <u>Laurent Levy and Karen Levy v. State Farm Fire and Casualty Company</u>, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at No. 260102344.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court.  The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:   _____
Yolanda Konopacka DeSipio

desipio@bbs-law.com
267.654.1116
Justin F. Kobeski
Justin.Kobeski@bbs-law.com
267.654.1144
Attorneys for Defendant
Attorney ID Nos: 62170/200392
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date:   May 5, 2026

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURENT LEVY AND KAREN LEVY | CIVIL ACTION NO. |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY | JURY TRIAL DEMANDED |

**DEFENDANT'S CERTIFICATION OF FILING OF
COPY OF NOTICE OF REMOVAL WITH STATE COURT**

I, being duly sworn according to law, state that I am an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for Defendant, State Farm Fire and Casualty Company; and that

I did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on or about May 5, 2026.

By: _____

Yolanda Konopacka DeSipio
desipio@bbs-law.com
267.654.1116
Justin F. Kobeski
Justin.Kobeski@bbs-law.com
267.654.1144
Attorneys for Defendant
Attorney ID Nos: 62170/200392
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURENT LEVY AND KAREN LEVY | CIVIL ACTION NO. |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Justin F. Kobeski, Esquire, being duly sworn according to law, state that I am an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for Defendant, State Farm Fire and Casualty Company, and that a true and correct copy of this Removal Petition was filed electronically and is available for viewing and downloading from the Electronic Case filing system, which constitutes service upon the following counsel of record:

Joseph A. Zenstein, Esquire
Zenstein Kovalsky, LLC
1240 Old York Road, Suite 101
Warminster, PA 18974

By: _____
Yolanda Konopacka DeSipio
desipio@bbs-law.com
267.654.1116
Justin F. Kobeski
Justin.Kobeski@bbs-law.com
267.654.1144
Attorneys for Defendant
Attorney ID Nos: 62170/200392
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date:  May 5, 2026

**AFFIDAVIT**

I, Justin F. Kobeski, Esquire, being duly sworn according to law, do hereby depose and state that I am an attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

_____
Justin F. Kobeski